[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this marriage intermarried on June 20, 1974, in Waterbury Connecticut.
The plaintiff and defendant have both resided continuously in the State of Connecticut at least one year next preceding the filing of the complaint.
The parties have no minor children issue of their marriage and no minor children have been born to the plaintiff since the date of the marriage.
Neither party is receiving any state aid or municipal assistance.
The parties have been experiencing marital difficulties for some time and separated in 1996; and the parties have resided separately since the separation. The plaintiff testified that her marriage had begun to deteriorate from the time her husband, the defendant, began his business, LuDen Machine Company although the parties had differences before that, Mr. Danes complained that Mrs. Danes was not a good housekeeper and that he did the cooking when their minor children were in middle school and high school.
Plaintiff is employed at J.C. Penney as a hairdresser and earns approximately $144 per week by way of gross wages for twenty hours.
The defendant is 50 percent owner and employed by LuDen Machine Tool Company, Inc. and has gross earnings of $865 per week.
The principal asset that the parties seek the court to address is a closely held Corporation, LuDen Machine Tool Co., Inc., which is owned 50 percent by the defendant. The valuation is in dispute. The business has been in operation for approximately ten years. The business is primarily a five-man operation where the owners work fifty to sixty hours weekly to maintain the present production. The court finds that were the business to be liquidated, the value of the assets would be after any depreciation recapture between $30,000 and $35,000. The business has a substantially greater value as a going concern. However, for that to be considered, the owners would have to be working CT Page 2329 fifty to sixty hours each — in those circumstances, the value of the company as a going concern to be approximately $175,000. The court finds that although the business has equipment which it owns, the two most expensive and productive machines are leased and are very substantially leveraged resulting in reduced valuation for the business.
After considering all of the statutory criteria, the court enters the following orders:
Dissolution of the marriage on the grounds of irretrievable breakdown.
The defendant shall transfer all his right, title and interest in and to the marital home located at 63 Fieldwood Drive, Waterbury, Connecticut, to the plaintiff.
The court finds that the marital residence has a market value of $75,000, allowing for a reduction of $4000 for necessary repairs.
The property is subject to mortgages in the amount of $63,000. The mortgages are a combination of the balance of an existing first mortgage and a home equity loan. The court orders that the plaintiff assume the first mortgage and hold the defendant harmless therefore.
The defendant is to pay the home equity loan. The home equity loan was initiated by the parties to find the startup expenses of the LuDen Machine Company and a nail salon for the plaintiff. The court will retain jurisdiction of the order to insure compliance if the parties will require refinancing in order to effectuate the intent of this order.
The plaintiff shall hold the defendant harmless for all first mortgage payments, taxes and insurance on the 63 Fieldwood property from the date of this decree.
The defendant shall hold his 50 percent interest in and to the LuDen Machine Tool Company, Inc. free and clear of all claims of the plaintiff.
The defendant shall transfer to the plaintiff by qualified domestic relations order one half of his interest in and to the pension the defendant is entitled to from his employment at CT Page 2330 Waterbury Farrell, which the court finds to be of a value of $19,000.
The plaintiff shall retain all her right, title and interest in and to the plaintiff's stock in the May Company, of a value of $3,060, free and clear of all claims of the defendant.
The defendant shall purchase or maintain a term life insurance policy as available through his employment in the amount of $100,000 with the plaintiff wife as irrevocable beneficiary until the plaintiff reaches age 60 and then $50,000 until plaintiff reaches 65, to ensure the obligations set forth in this decree.
The defendant shall maintain the plaintiff's health and dental insurance through his place of employment at his expense for a period of one year or until the plaintiff obtains health insurance through her place of employment, whichever event occurs first.
The defendant is ordered to assume all the debts listed on his affidavit except as to those debts otherwise provided for in this decree and hold the plaintiff harmless therefor.
The plaintiff is ordered to assume all the debts listed on her affidavit except as otherwise provided for by this decree and hold the defendant harmless therefor.
Defendant is ordered to replace the roof on the marital residence within one year and make the necessary repairs to floors or window casings or in the alternative pay the plaintiff the sum of $4000 in order to effectuate those repairs.
The personal property within the marital home is awarded to the plaintiff except for any clothes or specific items of the defendant's personal items, which items are to be addressed in writing through counsel within the next thirty days. Any disputes are to be mediated through the Family Relations Division.
The plaintiff shall retain her interest in and to any proceeds from two civil action claims resulting from automobile accidents, which occurred in May 1997, and November 1997, free and clear of any claims of the defendant.
Defendant is further ordered to pay to the plaintiff the sum of $150 per week as periodic alimony until the death of either party CT Page 2331 or remarriage of the plaintiff or plaintiff's cohabitation within the meaning of the statute.
The court finds this arrearage due the plaintiff from the defendant to be $6050. Subject to corrections, the court will retain jurisdiction for purposes of determining the precise amount of the arrearage amount due the plaintiff by defendant. The court not withstanding any correction to the total arrearage amount orders the sum of $50 per week, payable on the arrearage until paid by defendant to the plaintiff.
The court orders that the defendant pay the sum of $3000 to plaintiff's counsel as contribution toward the plaintiff's attorney's fees within one year of the date of this decree.
Kocay, J.